## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAJUAN & MYTESHA ROBINSON, *et al.,*     ) | |
|     ) | |
| Plaintiffs,    ) | |
| v.     ) | Case No. 99-1193-MLB |
|     ) | |
| THE STATE OF KANSAS, *et al.,*    ) | |
|     ) | |
| Defendants.    ) | |
|     ) | |

## RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY STATE TREASURER, LYNN JENKINS

COME NOW the Plaintiffs, and pursuant to Fed.R.Civ.P. 56, submit this Response in Opposition to the Motion for Summary Judgment filed by Defendant, State Treasurer, Lynn Jenkins. Defendant states in her Memorandum in Support that, "[d]iscovery has been completed." (Defendant's Memorandum, p. 1). This is true with a few exceptions. As indicated in the Pretrial Order submitted to the Court, some Defendants have not yet served responses to Interrogatories.

### RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

1. Uncontroverted.

2. Uncontroverted.

3. Controverted. Objection. Whether the Kansas legislature makes "suitable provision for financing public education" is at the very heart of this controversy and is an ultimate issue to be decided in this case. Whether the Kansas legislature provides suitable provisions for financing public education is a mixed issue of law and fact to be determined by this Court. Furthermore, the deposition testimony of Governor Sebelius

cited by Defendant does not stand for the proposition that the legislature makes suitable provisions for financing, rather merely asks whether Article 6 of the Kansas Constitution provides that the legislature is to make suitable provisions for financing public education. The Governor testified, "I know that is a provision in the Constitution. I assume it is in Article 6." Inadmissible evidence is not a proper basis for the controlling facts on which a court bases its decision on a motion for summary judgment. *See* Fed.R.Civ.P. 56; *Gross v. Burggraf Construction Co.,* 53 F.3d 1531, 1541 (10th Cir. 1995) (a third party's description of a witnesses' supposed testimony is not suitable grist for the summary judgment mill).

In fact, Governor Sebelius testified in her deposition, when asked about the suitability of funding provided by the Kansas legislature for public education, that the amount of base state aid per pupil has not been adequately increased over the last ten years based on what inflationary pressures would demand. (Sebelius depo., 70:5-72:17 at Tab C).

4.    Uncontroverted.

5.    Controverted. The testimony of Commissioner Andy Tompkins cited by Defendant merely provides that for the Kansas State Department of Education, Dale Dennis and Veryl Peter are the employees who oversee the actual distribution of funds based on the state formulas. The testimony does not stand for the proposition that Dale Dennis and Veryl Peter exclusively oversee the distribution of funds and this statement is controverted to the extent it stands for that proposition. In fact, Tompkins' testimony goes on to state that he understands the checks are requested from the Kansas State Department of Education and are "cut at the Treasurer's office, if I remember right."

(Tompkins depo., 12:1-13:5 at Tab A).

      6.     Uncontroverted.

      7.     Uncontroverted.

      8.     Uncontroverted.

      9.     Uncontroverted.

      10.    Uncontroverted.

      11.    Controverted.  Commissioner of Education, Andy Tompkins, testified that the money for public school finance comes from the State Treasury and that checks requested from the Kansas State of Education are "cut at the Treasurer's office." (Tompkins depo., 12:1-13:5 at Tab A).

      12.    Uncontroverted.

      13.    Uncontroverted.

      14.    Uncontroverted.

      15.    Uncontroverted.

      16.    Uncontroverted.

      17.    Controverted.   The testimony cited by Defendant in support of this proposition simply does not address all of the issues covered by Defendant's purported statement of Uncontroverted fact.   This Court has no obligation to seek out the record. Rather, counsel is required to designate the portions of the record which support that party's position.   *See Munoz v. St. Mary-Corwin Hospital, et. al.*, 221 F.3d 1160, 1168 (10th Cir. 2000).

      18.    Uncontroverted.

      19.    Controverted.  The State Treasurer has a duty to prevent violations of the

Kansas Constitution and law and has sworn to do so.  K.S.A. § 54-106.

## PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

20.     The Kansas State Treasurer's signature is required on all state warrants. K.S.A. § 75-3732.

21.     Warrants are checks.  (Jenkins depo., 35:6-14 at Tab B).

22.     The Treasurer's signature is required on all warrants, and without her signature, no money is paid from the State Treasury.  (Jenkins depo., 43:1-18 at Tab B).

23.     The state money that is distributed to local school districts comes from the state Treasury.  (Tompkins depo., 12:1-13 at Tab A); K.S.A. § 75-604.

24.     On at least one occasion, the Kansas State Treasurer stopped payment on a warrant upon learning that it was fraudulent.  (Jenkins depo., 53:22-55:18 at Tab B).

25.     The oath of office taken by the Treasurer upon her election states, "I do solemnly swear [or affirm, as the case may be] that I will support the Constitution of the United States and the Constitution of the State of Kansas and faithfully discharge the duties of Treasurer.  So help me God."  K.S.A. § 54-106.

26.     The Commissioner for the Department of Education testified that the checks paid to local school districts are cut at the Treasurer's office at the request of the Kansas State Department of Education.  (Tompkins depo., 12:14-13:5 at Tab A).

## SUMMARY JUDGMENT STANDARD

Summary judgment is a drastic remedy and should not be awarded without extreme care.  *Jones v. Nelson,* 484 F.2d 1165, 1168 (10th Cir. 1973).  In order to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to

summary judgment as a matter of law.  Fed.R.Civ.P. 56.  In reaching a decision with respect to a request for summary judgment the court must read the record in the light most favorable to the party who defended against the motion.  *White v. General Motors Corp., Inc.,* 908 F.2d 669, 670 (10th Cir. 1990), *cert. denied,* 498 U.S. 1069 (1991).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505 (1986).  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are functions of the finder of fact, not the functions of the judge, when ruling on a motion for summary judgment.  The evidence of the nonmoving party is to be believed."  *Copple v. City of Concordia,* 814 F.Supp. 1529, 1532 (D.Kan. 1993).  All justifiable inferences are to be drawn in favor of the nonmovant.  *Anderson,* 477 U.S. at 255, 106 S. Ct. 2505.

Defendant's Motion for Summary Judgment relies on misstatements of the fact and misrepresentations of the law.  Plaintiffs will, at the very least, demonstrate that material issues of fact exist with respect to their claims against Defendant, State Treasurer, Lynn Jenkins, to preclude summary judgment.

### SUMMARY JUDGMENT IS NOT PROPER WITH REGARD TO PLAINTIFFS' REQUEST FOR PROSPECTIVE INJUNCTIVE RELIEF AGAINST THE KANSAS STATE TREASURER

Pursuant to the Court's Scheduling Order (Doc. 81), "any motions to dismiss for propriety of the parties, or failure to state a claim upon which relief may be granted shall be filed by January 17, 2003."  Scheduling Order at p. 5.  The instant motion is a motion for failure to state a claim due to the alleged impropriety of the State Treasurer, Lynn

Jenkins, as a party in this matter.  The State Treasurer did not raise this defense in her answers to the Complaints filed herein and did not *timely* file a motion to dismiss alleging that she is an improper party prior to the Court's January, 2003 deadline.  The State Treasurer did file a Motion to Dismiss on April 2, 2003, after the Court's imposed deadline.  Defendant has waived her claim in this regard and should be estopped from asserting, in an untimely fashion, that she is not a proper party for the relief requested.

Plaintiffs request a permanent injunction prohibiting Defendants, including the Kansas State Treasurer, Lynn Jenkins, from administering, enforcing and/or funding those provisions of the school finance scheme in Kansas that are unconstitutional.  The Treasurer plays an integral role in the enforcement and administration of the current school funding scheme and the under-funding of the formula.  The money that is ultimately distributed to local school districts comes from the State Treasury.  The Treasurer, then, must make payments to the local school districts, giving effect to the funding orders received.

Kansas statutes provide that "the director of accounts and reports shall provide for the payment of accounts, bills, claims, funds and demands by issuing warrants drawn on the state treasurer . . ." and that, except in limited circumstances, "the director of accounts and reports shall sign and the state treasurer shall cosign all such warrants for money before their delivery by the director of accounts and reports to the persons entitled thereto . . .." K.S.A. § 75-3732(a).  The parties agree that the Treasurer's role is comparable to that of a banker. (*See* Defendant's Memorandum in Support, p. 8).  When one's money is in the "bank", such as when money is placed in the state treasury pursuant to K.S.A. § 75-604, one needs a banker to get it out.  Stopping the banker stops the flow of money.  Similarly, without the

Treasurer, the Kansas school funding scheme would never be enforced because no money could get to the local districts. The Treasurer has an integral role in enforcing the challenged funding laws.

If Plaintiffs are successful on any of their various claims asserting the unconstitutionality of the Kansas school funding scheme, the Court may grant the relief Plaintiffs request. Plaintiffs submit that it would then be necessary for the Court to enjoin the Treasurer from executing her functions with regard to school funding to preclude continuing constitutional violations.

The Treasurer argues in her Motion for Summary Judgment that she has no role in determining the school funding formulas, that she has no discretion to determine whether or not to distribute state funds to local school districts after receiving orders from the Kansas State Department of Education, and that injunctive relief can be accomplished without the Court issuing any orders to the State Treasurer. The Treasurer concedes, however, that her signature is required on state warrants pursuant to K.S.A. § 75-3732. In the case of the Treasurer, it is not necessarily the exercise of discretion that Plaintiffs seek to enjoin, simply the function of paying. If the Court orders the relief requested by Plaintiffs, it will be necessary to enjoin the Treasurer from paying the funds to the local school districts pursuant to the illegal statutory scheme.

In her deposition, taken on April 15, 2003, the Treasurer testified that warrants are checks. (Lynn Jenkins depo., 35:6-14 at Tab B). The Treasurer's signature is required on all warrants, and without her signature no money is paid from the state treasury. (Lynn Jenkins depo., 43:1-18 at Tab B). The Treasurer testified that on at least one occasion, she stopped payment on a warrant upon learning that it was fraudulent. (Lynn Jenkins depo.,

53:22-55:17 at Tab B). Clearly, the Treasurer's role is integral in issuing warrants, and she

has the ability to stop the payment of unlawful warrants.

Furthermore, as an elected officer, the Treasurer was required to take an oath of

office pursuant to K.S.A. § 54-106. That section provides:

> All officers elected or appointed under any law of the state of Kansas shall,
> before entering upon the duties of their respective offices, take and subscribe
> an oath or affirmation, as follows: "I do solemnly swear [or affirm, as the
> case may be] that I will support the constitution of the United States and the
> constitution of the state of Kansas, and faithfully discharge the duties of ____
> _____. So help me God."

Having made this oath of office, the Treasurer has sworn to uphold the laws which the

Plaintiffs assert are being violated by the distribution of funds to local school districts in

Kansas pursuant to the illegal funding scheme. The treasurer not only *may* take necessary

steps to prevent violations of the United States Constitution in her official office, she has

sworn to do so. She does not have discretion to stop illegal payments to school districts, she

has a duty to do so. As such, relief can be granted against the Treasurer and Plaintiffs'

Second Amended Complaint does state a claim upon which relief can be granted.

Respectfully submitted,

**s/ Alan L. Rupe          [09/23/03]**
Alan L. Rupe          #08914
HUSCH & EPPENBERGER, LLC
Epic Center, Suite 600
301 N. Main
Wichita, Kansas  67202
(316) 264-3339
(FAX) 264-0135

and

John S. Robb          #09844
SOMERS, ROBB AND ROBB
110 E. Broadway
Box 544
Newton, Kansas  67114-0544
(316) 283-4560
(FAX) 283-5049
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2003, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

Dan Biles
danbiles@gbsrlaw.com

William Scott Hesse
hesses@ksag.org razoa@ksag.org;bushj@ksag.org;williamd@ksag.org

Kenneth L. Weltz
kweltz@lathropgage.com dbroksieck@lathropgage.com


I further certify that on the 23rd day of September, 2003 I served the foregoing document and the notice of electronic filing to the following non-CM/ECF participants via U.S. mail, postage prepaid:

Rodney J. Bieker
Department of Legal Services
Kansas Department of Education
120 East 10th Street
Topeka, KS 66612

David W. Davies
Kansas Attorney General – 10th Avenue
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS  66612-1597

s/ Alan L. Rupe          [09/23/03]
Alan L. Rupe